IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. LOVELESS, | No. 2:21-CV-0430-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| PAROLE AUTHORITIES OF THE CALIFORNIA BOARD OF PAROLE HEARINGS, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff states that he was arrested in Texas by the "Calif. parole authorities" on an "interstate parole transfer." ECF No. 1, pg. 2. Plaintiff admits to violating the terms of his California parole while in Texas, suffering two convictions in Texas for driving under the influence. See id. Plaintiff states that he served jail time for these offenses. See id. at 2-3. Plaintiff states that his California parole was revoked and that he was returned to state prison in California to serve the remainder of his California sentence. See id. at 3. Plaintiff claims his California parole revocation and return to prison amounts to disproportionate punishment given that he served time in Texas for the crimes committed there. See id.

## II. DISCUSSION

Plaintiff's claim, as currently pleaded, is not cognizable because success on the merits would necessarily imply the invalidity of his continued incarceration in California for violating the terms of his parole.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's

underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

Here, Plaintiff does not challenge the conditions of his eligibility for parole. Nor does he seek prospective changes in parole procedures. Rather, he claims that he should not be incarcerated at all on a California parole violation. Success on the merits of this claim would necessarily mean that his continued incarceration in California is invalid. Plaintiff has not alleged that the parole revocation has been set aside or overturned. In an abundance of caution, the Court will permit Plaintiff an opportunity to amend to further clarify and explain his claim in light of the foregoing principles.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint to state a claim for habeas corpus relief, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff not only amend the claim to a habeas corpus action, but must also demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: August 4, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE